# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: J.M. III, G.M., T.M.-1, & T.M.-2**

**No. 13-0669** (Mercer County 12-JA-184 through 12-JA-187)

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel David B. Kelley, appeals the Circuit Court of Mercer County's June 6, 2013 order terminating his parental, custodial, and guardianship rights to J.M. III, G.M., T.M.-1, and T.M.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Angela Alexander Walters, filed its response in support of the circuit court's order. The guardian ad litem, Michael P. Cooke, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating his parental, custodial and guardianship rights without first granting a dispositional improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner in this matter has a long history of alcohol and substance abuse requiring DHHR involvement. In 2007, the DHHR filed an abuse and neglect petition as a result of petitioner's alcohol abuse, however he was eventually reunited with the children and the case was dismissed. The DHHR continued to provide petitioner services through 2009, at which time a second abuse and neglect petition was filed as a result of his continued alcohol abuse. Petitioner again achieved reunification with the children and the case was dismissed.

Thereafter, the DHHR filed a third abuse and neglect petition after an emergency removal on October 25, 2012, due to petitioner's substance abuse. One of the children, T.M.-2, was admitted to the hospital because he accidentally ingested benzodiazepines. This resulted in injuries to the child from being under the influence, including multiple bruises to the head and an injury to his lip. In November of 2012, the circuit court held an adjudicatory hearing and found that petitioner neglected the children. At that time, the circuit court took the issue of petitioner's abandonment as to two of his children, G.M. and T.M.-1, under advisement. It was alleged that

---

[1] Because two children share the same initials, they will be referred to as T.M.-1 and T.M.-2 throughout this memorandum decision.

1

petitioner left the children with a relative for over one and a half years because he did not believe they were his biological children. In May of 2013, the circuit court held a dispositional hearing, found that petitioner abandoned two of the children, denied petitioner's motion for an improvement period, and terminated his parental, custodial, and guardianship rights to all four children. It is from the resultant order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for a dispositional improvement period or in the termination of petitioners' parental rights. To begin, West Virginia Code § 49-6-12(c)(2) grants circuit courts discretion in granting dispositional improvement periods upon a showing that the parent will fully participate in the same. The record in this matter supports the circuit court's denial because of petitioner's failure to show, by clear and convincing evidence, that he would fully comply with the terms of an improvement period.

In the order being appealed, the circuit court noted that petitioner has a lengthy history of involvement in abuse and neglect proceedings regarding these children. Specifically, the circuit court found that the DHHR's prior efforts to remedy the conditions of abuse and neglect were unsuccessful, despite the fact that the two prior abuse and neglect proceedings resulted in reunification and dismissal. In fact, the circuit court noted that it was less than a month after the conclusion of petitioner's 2009 abuse and neglect case that he abandoned two of the children by leaving them with a relative and failing to provide for them in any way. Additionally, the circuit court addressed petitioner's ongoing substance abuse issues by noting that since 2007, petitioner had deteriorated "from an alcohol problem to a full-blown drug addiction . . . ." For these reasons, it is clear that petitioner failed to establish, by clear and convincing evidence, that he would fully participate in an improvement period, and it was not error for the circuit court to proceed to termination of his parental rights without granting the same.

2

As to termination of petitioner's parental, custodial, and guardianship rights, the Court finds no error in this regard because the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect in the near future. As set forth in West Virginia Code §49-6-5(b)(1), such conditions exist in situations where an abusing parent has habitually abused controlled substances or drugs to the point that parenting abilities are impaired. The circuit court heard testimony that petitioner not only continued abusing alcohol since the dismissal of the two prior abuse and neglect proceedings, but additionally began abusing prescription medication. In fact, petitioner's substance abuse resulted in one of the children accidentally ingesting prescription medication and injuring himself. As such, it is clear the circuit court was presented with sufficient evidence upon which to find there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect in the near future, and that termination of his parental rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are instructed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court and its June 6, 2013 order is hereby affirmed.

Affirmed.

**ISSUED**:  November 26, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II